**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SALVADOR TZINA MENDOZA, | ) | |
| Petitioner, | ) | |
| vs. | ) | Civil Action No. 3:25-cv-501<br>Judge Stephanie L. Haines<br>Magistrate Judge Kezia O.L. Taylor |
| TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement et al.*, | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

Presently before the Court is a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Salvador Tzina Mendoza ("Petitioner") (ECF No. 1). Petitioner was detained at Moshannon Valley Detention Center and claimed that his detention was unconstitutionally prolonged. He sought immediate release from custody or in the alternative a bond hearing under 8 U.S.C. § 1226(a). Later, Petitioner filed a Supplement (ECF No. 19) that added an ultra vires claim stating that Petitioner was removed without an opportunity to present fear-based claims in violation of his Fifth Amendment Constitutional Rights. Petitioner also filed several motions pending before the Court including a Motion for Default Judgment (ECF No. 8), a Motion for an Evidentiary Hearing and Sanctions (ECF No. 20), a Motion to Return the Petitioner to the United States (ECF No. 21), and a Motion to Preserve Evidence and for Anti-Spoliation Order (ECF No. 22). These matters were referred to Magistrate Judge Kezia Taylor for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On August 4, 2026, Magistrate Judge Taylor filed a Report and Recommendation (ECF No. 32) recommending that the Petition (ECF No. 1) be dismissed as moot because the Court had

learned that Petitioner had been removed from the United States and that the Supplement (ECF No. 19) also be dismissed. Judge Taylor also recommended that the Motion for Default Judgment (ECF No. 8) be denied, and the Motions for Evidentiary Hearing and Sanctions (ECF No. 20), Return of Petitioner (ECF No. 21), and Preservation of Evidence and Anti-Spoliation Order (ECF No. 22) all be denied. Petitioner was advised he could file objections to the Report and Recommendation by August 18, 2026. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Petitioner has not filed any objections, and the time to do so has expired.

Upon review of the record and the Report and Recommendation (ECF No. 32) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Taylor in this matter. Judge Taylor thoroughly analyzed all the issues and correctly found default an improper remedy, ECF No. 32, p. 2, and that the ultra vires claim was unsupported, ECF No. 32, pp. 7-8. Petitioner provided no evidence of record that he had requested and been denied a fear-based hearing. Based on these findings it logically followed that the motions for an evidentiary hearing and sanctions, return of Petitioner to the United States, and for preservation of evidence and anti-spoliation order should all be dismissed. Finally, Judge Taylor deemed Petitioner's Petition for Habeas Corpus moot as Petitioner was removed from the United States on January 26, 2026, and as such there is no remedy the Court can provide.

Accordingly, the following order is entered:

**ORDER**

AND NOW, this 28th of September, 2025, IT IS ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) hereby is DISMISSED AS MOOT; and,

IT IS FURTHER ORDERED that Motion for Default Judgment (ECF No. 8), the Motion for an Evidentiary Hearing and Sanctions (ECF No. 20), the Motion to Return the Petitioner to the United States (ECF No. 21), and the Motion to Preserve Evidence and for Anti-Spoliation Order (ECF No. 22) are DENIED; and,

IT IS FURTHER ORDERED that Magistrate Judge Taylor's Report and Recommendation (ECF No. 32) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge